MINNIE *v.* PORT HURON TERMINAL CO.

1. ADMIRALTY—LONGSHOREMEN—MARITIME CONTRACT.
    A longshoreman, while employed in unloading a vessel lying in navigable water, is engaged in work of a maritime nature under a maritime contract.

2. SAME—FEDERAL JURISDICTION.
   The judicial power of the United States extends to all cases of admiralty and maritime jurisdiction.

3. MASTER AND SERVANT—ACCIDENT—INJURY.
   While the words ''accident'' and ''injury'' are not synonymous, the accident produced the injury, and in point of time they are concurrent.

4. SAME—WORKMEN'S COMPENSATION ACT.
   There can be no award of compensation under the workmen's compensation act without an accident and consequent injury.

5. SAME—WHEN ACCIDENT AND INJURY ARE NOT TO BE SEPARATED.
   In determining whether accidental injury is compensable under State workmen's compensation act, cause may not be separated from the consequences, the origin from the immediate end, the accident from the injuries, since to do so might result in finding of nonliability under State and Federal law.

6. ADMIRALTY—MASTER AND SERVANT—COMPENSABLE INJURIES.
   Injury compensable under the longshoremen's harbor worker's compensation act is one arising out of employment under employers whose workers are employed in maritime employment, in whole or in part upon navigable waters (33 USCA, §§ 901–950).

7. SAME—LONGSHOREMEN—WORKMEN'S COMPENSATION ACT.
   Longshoreman on deck of vessel of foreign registry lying in navigable water, while at work unloading from the hatch, who is struck by swinging crane and knocked to the wharf and injured, is engaged in work of a maritime nature under a maritime contract and is not entitled to award of compensation under State workmen's compensation act, since the Federal law controls.

Appeal from Department of Labor and Industry. Submitted October 4, 1934. (Docket No. 85, Calendar No. 37,945.) Decided December 10, 1934.

Emerson F. Minnie presented his claim against Port Huron Terminal Company, employer, and Fidelity & Casualty Company, insurer, for accidental injuries sustained while in defendant's employ. Award to plaintiff. Defendants appeal. Reversed.

*Stewart & Black,* for plaintiff.

*Leo J. Carrigan,* for defendants.

Wiest, J.   Plaintiff was a longshoreman, employed by defendant terminal company in unloading a vessel at Port Huron.   While upon the deck of the vessel and about his work he was struck by a swinging hoist, lifting cargo from a hatch, precipitated to the wharf and injured.   This is an appeal in the nature of certiorari from an award to plaintiff under the workmen's compensation law.

Defendant contends that the accident was upon navigable water and, therefore, not within the provisions of the compensation law of this State (2 Comp. Laws 1929, § 8407 *et seq.*).

The commission found that the injury must have been occasioned by plaintiff's fall upon the wharf, and held that the injury consummated, in whole or in part, upon the land brought the case within the compensation act, even though the injuries would not have been received except for the direct force applied upon plaintiff's person while on the deck of the vessel.

A longshoreman, while employed in unloading a vessel lying in navigable water, is engaged in work of a maritime nature under a maritime contract. *Peters* v. *Veasey,* 251 U. S. 121 (40 Sup. Ct. 65).   The work of the longshoreman was upon the vessel and the force was applied to his person there with serious consequences when he was knocked from the deck of the vessel to the wharf.   The judicial power of the United States extends to all cases of admiralty and maritime jurisdiction. *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205 (37 Sup. Ct. 524, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900).   The accident was on the deck of the vessel and the injury by fall

upon the wharf. The place of the accident identifies the applicable law.

We held in *Cooke* v. *Holland Furnace Co.*, 200 Mich. 192 (L. R. A. 1918E, 552), (quoting syllabus):

"While the words 'accident' and 'injury' are not synonymous, the accident produced the injury, and in point of time they are concurrent."

There can be no award of compensation without an accident and consequent injury. The unlooked for mishap or untoward event was upon the deck of the vessel and constituted an accident, and cannot be separated from the fall to the wharf and injuries there sustained for, under our compensation act, the award must be for "accidental injuries." *Savage* v. *City of Pontiac*, 214 Mich. 626. We cannot separate the cause from the consequences; the origin from the immediate end; the accident from the injuries. To do so would result in a finding of an accident while engaged in work of a maritime nature and, therefore, not within the State act, and then another finding that the injuries, occasioned thereby, are to be distinguished from the proximate cause thereof and, therefore, not of Federal cognizance.

The longshoremen's harbor workers' compensation act (Act of March 4, 1927, c. 509, 44 Stat. 1424; 33 USCA, §§ 901–950) must be considered. Under that act:

" 'Injury,' within the statute, 'means accidental injury,' or death 'arising out of and in the course of employment,' and the term 'employer' means one 'any of whose employees are employed in maritime employment, in whole or in part,' upon such navigable waters." *Crowell* v. *Benson*, 285 U. S. 22, 38 (52 Sup. Ct. 285).

The senate judiciary committee, in reporting the measure, stated in part:

"If longshoremen could avail themselves of the benefits of State compensation laws, there would be no occasion for this legislation; but, unfortunately, they are excluded from these laws by reason of the character of their employment; and they are not only excluded but the Supreme Court has more than once held that Federal legislation cannot, constitutionally, be enacted that will apply State laws to this occupation (*Southern Pacific Co.* v. *Jensen,* 244 U. S. 205 [37 Sup. Ct. 524, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900]; *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149 [40 Sup. Ct. 438, 11 A. L. R. 1145]; *Washington* v. *Dawson & Co.,* 264 U. S. 219 [44 Sup. Ct. 302])." Senate Report No. 973, 69th Cong., 1st sess., p. 16, cited in footnote to the above case.

In *T. Smith & Son* v. *Taylor,* 276 U. S. 179 (48 Sup. Ct. 228), a longshoreman was standing on a stage which rested solely upon the wharf and projected a few feet over the water to one side of the vessel and, while working there, a sling carrying a load struck the workman and knocked him off the stage into the water, where some time later he was found dead. The court stated:

"Deceased was engaged in maritime work under a maritime contract. If the cause of action arose upon the river, the rights of the parties are controlled by maritime law, the case is within the admiralty and maritime jurisdiction, and the application of the Louisiana compensation law violated art. 3, § 2 (U. S. Constitution). But, if the cause of action arose upon the land, the State law is applicable. * * * The blow by the sling was what gave rise to the cause of action. It was given and took effect while deceased was upon the land. It was the sole, immediate and proximate cause of his death."

In the case at bar "the sole, immediate and proximate cause" was upon the deck of the vessel while plaintiff was engaged in work of a maritime nature; the blow there received took effect while plaintiff was upon the vessel and gave rise to a cause of action under Federal law.

We hold that a longshoreman, on the deck of a vessel of foreign registry, lying in navigable water, while at work unloading from a hatch and struck by a swinging crane or hoist, carrying a load from the hatch, and knocked to the wharf and injured, is engaged in work of a maritime nature, under a maritime contract, and cannot have an award of compensation under the workmen's compensation act of the State. Federal law controls.

The award is vacated, with costs to defendant.

Nelson Sharpe, C. J., and Potter, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.