MINNIE *v.* PORT HURON TERMINAL CO. ET AL.

No. 678. Argued April 12, 1935.—Decided June 3, 1935.

*Mr. Eugene F. Black,* with whom *Mr. Jesse P. Wolcott* was on the brief, for petitioner.

*Mr. Leo J. Carrigan* filed a brief on behalf of respondents.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Petitioner, a longshoreman, was injured at Port Huron while unloading a vessel lying in navigable water. He was about his work on the deck of the vessel when he was struck by a swinging hoist, lifting cargo from a hatch, and was precipitated upon the wharf. He sought compensation under the compensation act of the State of Michigan. His employer, the Port Huron Terminal Company, contended that the accident occurred upon navi-

gable water and that the state law did not apply. The defense was overruled by the state commission in the view that the injury must have been occasioned by petitioner's fall upon the wharf and hence that the claim was within the state statute, although the injury would not have been received except for the force applied to his person while on the vessel. The Supreme Court of the State vacated the commission's award, holding that the federal law controlled. 269 Mich. 295; 257 N. W. 831. Because of an asserted conflict with decisions of this Court, a writ of certiorari was granted.

We have held that the case of an employee injured upon navigable waters while engaged in a maritime service is governed by the maritime law. *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *Grant Smith-Porter Ship Co.* v. *Rohde,* 257 U. S. 469, 477. It is otherwise if the injury takes place on land. *State Industrial Comm'n* v. *Nordenholt Corp.,* 259 U. S. 263, 272, 273; *Nogueira* v. *N. Y., N. H. & H. R. Co.,* 281 U. S. 128, 133. In the instant case, the injury was due to the blow which petitioner received from the swinging crane. It was that blow received on the vessel in navigable water which gave rise to the cause of action, and the maritime character of that cause of action is not altered by the fact that the petitioner was thrown from the vessel to the land.

We had the converse case before us in *Smith & Son* v. *Taylor,* 276 U. S. 179. There a longshoreman, employed in the unloading of a vessel at a dock, was standing upon a stage that rested solely upon the wharf and projected a few feet over the water to or near the vessel. He was struck by a sling loaded with cargo, which was being lowered over the vessel's side and was knocked into the water, where sometime later he was found dead. It was urged that the suit was solely for the death which occurred in the water and hence that the case was exclusively within the admiralty jurisdiction. We held the argument

to be untenable. We said: " The blow by the sling was what gave rise to the cause of action. It was given and took effect while deceased was upon the land. It was the sole, immediate and proximate cause of his death. *The G. R. Booth,* 171 U. S. 450, 460. The substance and consummation of the occurrence which gave rise to the cause of action took place on land." *Id.,* p. 182.

If, when the blow from a swinging crane knocks a longshoreman from the dock into the water, the cause of action arises on the land, it must follow, upon the same reasoning, that when he is struck upon the vessel and the blow throws him upon the dock the cause of action arises on the vessel. Compare *Vancouver S. S. Co.* v. *Rice,* 288 U. S. 445, 448.

The decision in *L'Hote* v. *Crowell,* 286 U. S. 528, upon which petitioner relies, is not opposed. In that case, we dealt only with the determination of the question of the dependency of a claimant for compensation, holding that the finding of fact by the deputy commissioner against the claimant upon that issue should not have been disturbed. The writ of certiorari was limited to that question. 54 F. (2d) 212; 285 U. S. 533. The judgment is

*Affirmed.*