## CITY OF BRUNSWICK *et al. v.* KING.

No. 13582. APRIL 17, 1941.

*Conyers, Gowen & Conyers* and *B. N. Nightingale,* for plaintiffs in error.

*Farr & Mitchell,* contra.

BELL, Justice. Under the facts recited in the question, the injury resulted from a matter of such local character as to give jurisdiction to the Industrial Board. The bridge was constructed over a navigable river, by consent of the government, the draw portion of it being intended, not as aid to navigation, but as a required means of preventing interference therewith. The purpose of the bridge was travel or commerce on land, not maritime travel or commerce. As between the employers and the employee, the bridge and every part of it is to be considered as land, and from the question propounded it prima facie appears that whatever caused the employee to fall was an occurrence that took place on land. This being true, the fact that the employee fell from the bridge into the river does not make the case one of maritime jurisdiction. Cleveland Terminal & Valley Railroad Co. *v.* Cleveland Steamship Co., 208 U. S. 316 (supra); Smith & Son Inc. *v.* Taylor, 276 U. S. 179 (supra); Minnie *v.* Port Huron Terminal Co., 295 U. S. 647 (supra). The object of the draw section was merely to prevent the bridge from obstructing navigation and to leave it free, as it was before. The employee was operating the draw solely for this purpose, an entirely different matter from aiding navigation or en-

gaging in a maritime act. The parties, the employers and the employee, manifestly contracted with reference to the State statutes; their rights and liabilities had no direct relation to navigation; and the application of the local law can not impinge upon any maritime rule. Grant Smith-Porter Ship Co. *v.* Rohde, 257 U. S. 469 (supra) ; Millers Indemnity Co. *v.* Brand, 270 U. S. 59 (supra) ; and see especially Carlin Construction Co. *v.* Heaney, 299 U. S. 41 (supra) ; Cleveland Terminal & Valley Railroad Co. *v.* Cleveland Steamship Co., 208 U. S. 316 (supra).

It may be true that if the owner or owners of such a bridge should, through their agents or employees, so maintain it as to cause injury to a vessel or to some person being thereon, the liability would be maritime. Steel All Welded Boat Co. *v.* Boston (D. C. Mass., 1937), 18 Fed. Supp. 421. In the instant case, however, the alleged liability is a matter for determination only as between the owners of the bridge and their employee; and under the facts recited, the Industrial Board had jurisdiction, "assuming that its jurisdiction otherwise exists." The case differs on its facts from *Maryland Casualty Co.* v. *Grant,* 169 *Ga.* 325 (supra), and other cases relied on by counsel for the employers, in each of which the locus and the other circumstances were such as to involve maritime jurisdiction. *All the Justices concur.*