EUGENE REINHART, Appellant, *v.* GEROSA CRANE SERVICE COMPANY, INC., Respondent, and GEROSA HAULAGE & WAREHOUSE CORPORATION, Defendant.

First Department, November 28, 1941.

*David L. Delman* of counsel [*Herman Glick*, attorney], for the appellant.

*Walter G. Evans* of counsel [*Alexander Orr* with him on the brief; *Evans & Rees*, attorneys], for the respondent.

COHN, J. On February 11, 1934, while engaged in unloading a coal barge moored to a dock on the Harlem river, New York city, in the course of his employment with the B. T. U. Coal Corporation, plaintiff-appellant, a coal trimmer, suffered severe injuries which resulted in eighty-seven and one-half per cent loss of use of his left foot.

The present action was brought by appellant to recover damages for the injuries sustained based on the negligence of defendants in the operation of a crane used in unloading the vessel.

Prior to the commencement of this suit appellant had received benefits totaling $2,414.38 under workmen's compensation insurance covered by his employer. After the compensation awards were made but before instituting this action appellant's attorney caused the case to be restored to a referee's calendar in the State Industrial Commission and the compensation awards theretofore made and paid were rescinded by the Commission upon the ground of " no jurisdiction." It was the appellant's contention that the matter involved a maritime tort and that the State Industrial Commission had no jurisdiction over the claim. Following the entry of judgment in favor of defendant-respondent dismissing the complaint at the close of appellant's case, these appeals were taken.

The question involved is whether appellant's cause of action against respondent, who is a third party, is barred by reason of the fact that appellant applied for and received full workmen's compensation awards.

Appellant contends (1) that the rescission of the award and disallowance of his claim by the Workmen's Compensation Bureau

for lack of jurisdiction left appellant in the same position as if there never had been any award and that the money paid to him by his employer's insurance carrier was thus paid under a mistake in law; (2) that no rights of defendant-respondent were prejudiced either by the award to appellant or by its rescission; (3) that appellant had not waived his rights under section 113 of the Workmen's Compensation Law, and (4) even if he had, section 113 of the Workmen's Compensation Law is unconstitutional and void.

When injured, appellant was engaged in trimming coal in the hold of a barge on navigable waters; his work was maritime in nature, and his employment constituted a maritime contract. The rights and liabilities of the parties in connection therewith were matters within the admiralty jurisdiction. (*Northern Coal Co.* v. *Strand,* 278 U. S. 142; *Southern Pacific Co.* v. *Jensen,* 244 id. 205, 217; *South Chicago Co.* v. *Bassett,* 309 id. 251, 257.) In the *Northern Coal Co.* case the court said (at p. 144): " The unloading of a ship is not matter of purely local concern. It has direct relation to commerce and navigation, and uniform rules in respect thereto are essential. The fact that Strand worked for the major portion of the time upon land is unimportant. He was upon the water in pursuit of his maritime duties when the accident occurred."

The law is now well settled that a maritime employee, if injured on a vessel in navigable waters, may not have the benefit of a State workmen's compensation act. (*South Chicago Co.* v. *Bassett, supra; Southern Pacific Co.* v. *Jensen, supra; Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149; *Washington* v. *Dawson & Co.,* 264 id. 219.) The United States Supreme Court has even decided that Congress is without power to delegate to States the right to enact and enforce workmen's compensation acts in respect of injuries received in the course of maritime employment. (*Knickerbocker Ice Co.* v. *Stewart, supra.*) The same court, in *Southern Pacific Co.* v. *Jensen* (*supra*), held that the New York State Workmen's Compensation Law (Laws of 1914, chap. 41), in so far as it applied to contracts maritime in nature, was void as it was in contravention of section 2 of article III of the Federal Constitution extending the judicial power of the United States to all cases of admiralty and maritime jurisdiction; that it also contravened section 9 of the Judiciary Act of 1789 continued in the Judicial Code of 1911, sections 24 and 256 (U. S. Code, tit. 28, §§ 41, 371), by which the District Courts of the United States are given " exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction; * * * saving to suitors in all cases, the right of a common law remedy where the common law is competent to give it." At page 218 the court also said: " The

remedy which the Compensation Statute attempts to give is of a character wholly unknown to the common law, incapable of enforcement by the ordinary processes of any court and is not saved to suitors from the grant of exclusive jurisdiction." It follows, therefore, that appellant is not entitled to compensation under the State Workmen's Compensation Law. (*Matter of Doey* v. *Howland Co.*, 224 N. Y. 30; *Matter of McKinnon* v. *Kinsman Transit Co.*, 240 App. Div. 359; affd., 265 N. Y. 560.) He may, however, enforce whatever other remedy he has for the injury sustained. (*Kennedy* v. *Cunard Steamship Co., Ltd.*, 197 App. Div. 459, 464; affd., 235 N. Y. 604.)

The present action instituted by appellant is one for damages for personal injuries for which there exists in this State a common-law remedy. Hence, the action may be brought in our Supreme Court even though appellant's employment was maritime and the contract was maritime.

The question now arises as to whether appellant is barred from instituting this action against respondent, who is a third party, because he accepted and retained workmen's compensation from his employer, the B. T. U. Coal Corporation, and its insurance carrier. Respondent urges that under our State statute (Workmen's Comp. Law, § 29), when an election to take compensation is made and the award paid, the cause of action against a third party is automatically assigned to the insurance carrier or the other person or corporation paying the compensation and that the election to take compensation constitutes a complete defense to any action by the injured party against the third party. That such is the rule with respect to an injured employee who comes within the purview of the State Workmen's Compensation Law cannot be doubted. (*Schubert* v. *Finkelstein*, 244 N. Y. 583; *Lunn* v. *Andrews*, 152 Misc. 568; 243 App. Div. 654; affd., 268 N. Y. 538.) However, as appellant is a maritime employee and does not come within the purview of the State Workmen's Compensation Law, the statute which ordinarily would bar a recovery where one accepts workmen's compensation does not apply here.

Respondent also urges that the election to take compensation and the making of a final award by the State Labor Department, its payment by the carrier and its acceptance and retention by appellant resulted in an accord and satisfaction and estopped appellant from bringing this action. In support of this contention respondent relies upon *Brassel* v. *Electric Welding Co.* (239 N. Y. 78). There it was held that a maritime employee, by accepting payment of an award of workmen's compensation, is barred from bringing any further action against his employer upon the theory that the

payment and acceptance of a final award resulted in an accord and satisfaction. The facts in the case at bar, however, are clearly distinguishable. The action here is not one against an employer who paid the compensation award through its insurance carrier, but is one against a third party. There was no accord and satisfaction with respect to the third party, this respondent. The insurance carrier paid an award to appellant under a mistake of law, and for aught that appears neither the carrier nor the employer complains about having paid the money under such error. Indeed, the record establishes that the carrier is content to have appellant make reimbursement from any recovery obtained in this case.

We now consider respondent's argument that in any event appellant is foreclosed from prosecuting this suit by virtue of section 113 of the New York Workmen's Compensation Law, which provides in part that " awards according to the provisions of this chapter may be made by the board in respect of injuries subject to the admiralty or other federal laws in case the claimant, the employer and the insurance carrier waive their admiralty or interstate commerce rights and remedies, and the state insurance fund or other insurance carrier may assume liability for the payment of such awards under this chapter." Though the statute permits a waiver of admiralty rights and remedies by a claimant, his employer and the insurance carrier, it makes no provision for a waiver of the rights and remedies against a third party. In this case there was no waiver by appellant of his rights against the third party. Proof of a waiver must be clear and unequivocal. " Until that intention is announced by all who must participate, a waiver by any one of them is inchoate and revocable." (CARDOZO, J., *Fitzgerald* v. *Harbor Lighterage Co.*, 244 N. Y. 132, 137.) Here no waiver by appellant of his rights and remedies under the admiralty law against respondent has been shown. Hence, appellant's right to pursue his remedy as established by the maritime law continues. (*Fitzgerald* v. *Harbor Lighterage Co.*, supra, 137.)

As it is our view that no waiver of appellant against respondent was established, it is unnecessary to consider whether the State Legislature could constitutionally enact section 113 of the Workmen's Compensation Law so far as it affects rights and remedies under admiralty law.

For all of the foregoing reasons we conclude that appellant's complaint should not have been dismissed. The judgment should, accordingly, be reversed and a new trial ordered, with costs to appellant to abide the event.

The appeal from the order granting respondent's motion to amend its answer by permitting it to plead as an affirmative defense the election by plaintiff to take compensation should be dismissed as there is before this court no record of the proceeding at which the order was made.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Appeal from order granting motion of defendant-respondent to amend its answer by permitting it to plead as an affirmative defense the election by plaintiff to take compensation dismissed.