**CONNOR v. UNITED STATES et al.**

No. 323 of 1947.

United States District Court
E. D. Pennsylvania.

Dec. 28, 1949.

Joseph Wiener, of Freedman, Landy & Lorry, of Philadelphia, Pa., for plaintiff.

T. E. Byrne, Jr., of Krusen, Evans & Shaw, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is a longshoreman's action in admiralty to recover damages for injuries sustained on October 5, 1945 while loading the vessel the S. S. Tabitha Brown. The libel was filed against the United States of America and the United States Maritime Commission on October 2, 1947. It is now before me on the United States of America's motion to dismiss the libel for lack of jurisdiction.

The United States of America, through the United States Maritime Commission, as successor to the War Shipping Administration, owned The Tabitha Brown. A libel in personam was brought against the respondents in accordance with the Suits in Admiralty Act.[1]

The libellant contends that he has filed his libel within the two year period established by the Suits in Admiralty Act. 46 U.S.C.A. § 745. The respondent contends that this suit is not a maritime tort but should be under what was formerly the Federal Tort Claims Act,[2] which established a one year statute of limitations. 28 U.S.C.A. § 2401(b).

The libellant was injured while working on the pier to which The Tabitha Brown was moored. The blow which caused the libellant's injuries was given and took effect wholly on land.

There is a sharp distinction drawn between those causes of action in favor of a longshoreman which arise on land and those which arise on navigable waters. Minnie v. Port Huron Terminal Co. et al., 295 U.S. 647, 55 S.Ct. 884, 79 L.Ed. 1631; State Industrial Commission v. Nordenholt Corp. et al., 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933, 25 A.L.R. 1013.

When a stevedore is injured while working aboard a vessel in navigable waters, his injury is a maritime tort, and his recovery is governed by admiralty law. Seas Shipping Co., Inc. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Minnie v. Port Huron Terminal Co. et al., supra; Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A.1918C, 451, Ann.Cas.1917E, 900.

1. Act of March 9, 1920, c. 95, § 1 et seq., 41 Stat. 525, 46 U.S.C.A. § 741 et seq.
2. Act of August 2, 1946, c. 753, Title IV, § 401 et seq., 60 Stat. 842, repealed and replaced by various sections of New Title 28 U.S.C.A. Judiciary and Judicial Procedure.

However, when a stevedore is injured while working on the dock, he is injured on land, his injury is not a maritime tort, and his recovery is governed by the State Compensation Laws. T. Smith & Son, Inc. v. Taylor, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520; State Industrial Commission v. Nordenholt Corp. et al., supra; cf. Swanson v. Marra Brothers, Inc., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045.

The Suits in Admiralty Act permits proceedings in admiralty to be brought against the United States. 46 U.S.C.A. § 742. But since the libellant's cause of action arose on land, it is not a maritime tort, and cannot be maintained in admiralty under the Merchant Marine Act of 1920,[3] the Longshoremen's and Harbor Workers' Compensation Act,[4] or the maritime law.

Admiralty courts are of limited jurisdiction. Since the libellant's action cannot be maintained in admiralty, it follows that the Suits in Admiralty Act and the two year limitation thereunder have no application to and no effect on the outcome of this case.

The libellant's recovery, if any, must be under what was formerly the Federal Tort Claims Act and which is now incorporated in New Title 28 U.S.Code Annotated.

Section 2401(b) of New Title 28 U.S. Code Annotated provides that tort claims against the United States must be begun within one year after the claim accrues. Since the libel was not filed until almost two years after the libellant was injured, the one year time limitation had expired.

For the reasons expressed above, the respondent's motion to dismiss must be granted.

The libellant strongly urges that the Sieracki case, supra, has extended maritime law to cover longshoremen's injuries which are suffered on land. This contention is incorrect. Words, phrases, paragraphs cannot be removed indiscriminately from their context. In the Sieracki case a longshoreman was injured while working

aboard a vessel in navigable waters, not while working on the dock as in this case.

Moreover, in the Swanson case, supra, a longshoreman was injured while working on the dock. And when the Swanson case is considered in conjunction with the Sieracki case, the distinction between injuries suffered aboard ship and those suffered on land is in effect affirmed, for the Swanson case was decided the same day in the same term of court as the Sieracki case. Under such circumstances, I find no merit to the libellant's argument.

The motion of the respondent, The United States of America, to dismiss the libel for lack of jurisdiction is granted.

---

3. Act of June 5, 1920, c. 250, § 33, 41 Stat. 1007, 46 U.S.C.A. § 688.

4. Act of March 4, 1927, c. 509, § 1 et seq., 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.