**CONNOR v. UNITED STATES et al.**

**No. 323 of 1947, Admiralty.**

United States District Court
E. D. Pennsylvania.
June 7, 1950.

For previous decision see 87 F.Supp. 847.

Joseph Weiner, of Freedman, Landy & Lorry, of Philadelphia, Pa., for libellant.

T. E. Byrne, Jr., of Krusen, Evans & Shaw, Philadelphia, Pa., for respondents.

BARD, District Judge. ·

This case is now before me on plaintiff's petition for rehearing of the United States of America's motion to dismiss the libel for lack of jurisdiction, which motion I granted on December 28, 1949. See Connor v. United States et al., D.C., 87 F.Supp. 847.

The libellant is a longshoreman who was injured on land on October 5, 1945, while loading the vessel the S. S. "Tabitha Brown". The libel was filed against the United States of America and the United States Maritime Commission on October 2, 1947.

I ruled in my former opinion that this case was not governed by the Suits in Admiralty Act [1] under which the libel should have been filed on or before October 4, 1947, but that this case was governed by what was formerly the Federal Tort Claims Act [2] under which the complaint should have been filed on or before August 1, 1947. Accordingly, I dismissed the libel. Id. ·

The libellant now contends that this case is governed by the Act of June 19, 1948, c. 526, 62 Stat. 496, 46 U.S.C.A. § 740, which extends admiralty jurisdiction to cover all injuries caused by a vessel on navigable waters notwithstanding that such injuries occur on land.

The Act of June 19, 1948 reads in part, "That as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the exclusive remedy for all causes of actions arising after June 19, 1948 and for all causes of action where suit has not been hitherto filed under the Federal Tort Claims Act * * *."

The libellant urges that the time limitation within which suit may be filed is only a procedural limitation dealing with the remedy, and that since he has not "hitherto filed" this suit under the Federal Tort Claims Act, he may now, in effect, file it under the Suits in Admiralty Act. I disagree.

The Federal Tort Claims Act is a waiver of the government's immunity to be sued. This waiver must be construed and applied strictly according to its terms. One of these terms, which is an inherent part of the Act, is that suit must be brought within one year after August 2, 1946 or within one year after the cause of action accrues, whichever is later. If suit is not so brought, the right to sue the government is lost *forever*. Sikes v. United States, D. C., 8 F.R.D. 34; see Anderegg v. United States, 4 Cir., 171 F.2d 127, 128; cf. Marino et al. v. United States, D.C., 82 F.Supp. 190.

The purpose of any limitation statute, whether it is an affirmative defense which goes to defeat the remedy or an inherent part of the right to sue, is to encourage prompt judicial settlement of disputes before time has dulled and obscured the memories of the witnesses and to prevent the bringing of fraudulent claims long after the witnesses who could expose such frauds have died or their whereabouts have become unknown.

To accept the libellant's premise would defeat this purpose. It would also, in effect, be saying that the Act of June 19, 1948 amended the Federal Tort Claims Act. This it did not do.

It seems to me that when the Act of June 19, 1948 says "* * * where suit has not been hitherto filed under the Federal Tort Claims Act * * *", it does not mean, as the libellant contends, any and every suit of this nature that might have at some time been filed under the Federal Tort Claims Act. It means any

1. Act of March 9, 1920, c. 95, § 1 et seq., 41 Stat. 525, 46 U.S.C.A. § 741 et seq.

2. Act of August 2, 1946, c. 753, Title IV, § 401 et seq., 60 Stat. 842, repealed and replaced by various sections of New Title 28 U.S.C.A. Judiciary and Judicial Procedure [See 28 U.S.C.A. §§ 1346, 2671, et seq.].

suit of this nature which at the time the Act of June 19, 1948 was passed could be filed under the Federal Tort Claims Act but was not so filed.

The libellant had no cause of action as alleged against the United States on October 2, 1947 when he filed his libel. Under the Federal Tort Claims Act his cause of action had expired forever. The passage of the Act of June 19, 1948 did not revive any such cause of action which he might have had at some previous time.

Accordingly, my previous decision granting the United States of America's motion to dismiss the libel for lack of jurisdiction is hereby affirmed.

