**WENDELEN v. COMMANDER LARABEE MILLING CO.**

Civ. No. 2121.

United States District Court
W. D. New York.

June 16, 1950.

The complaint, filed February 15, 1945, alleges that plaintiff is a citizen of New York State and defendant a Maryland corporation, owner of a building in Buffalo, N. Y. known as Buffalo Flour Mills; that, on November 14, 1944, there was attached to said building "a marine leg" which was used to unload into it grain from vessels; that said building had a dock adjoining a navigable stream on which was located a barge from which grain was being unloaded; that, while decedent was on said barge, a boom forming a part of the marine leg attached to said building fell, striking and injuring him, as a result of which he died without any fault on his part; that he was lawfully working on barge but was not an employee of defendant; that said accident was caused by defendant's negligence more particularly because "the marine leg and the parts and attachments thereto, were defective and improperly adjusted or attached and failed to hold said boom" and defendant failed properly to care for, maintain and inspect it and "such leg and boom and parts thereof were being negligently used"; that decedent was a healthy, capable individual and died leaving his dependent wife, plaintiff herein, and his two dependent children, Elaine Wendelen, born May 17, 1936, and Fay Wendelen, born October 17, 1938; that he was 36 years old and "a kind, loving and helpful husband and father." Plaintiff demands $5,000 for pain suffered by decedent prior to his death, and $125,000 for "large expenses for medicines, medical and surgical treatment and attendance, hospital bills, funeral expenses." The complaint does not specifically allege when decedent died. It demands a jury trial.

William J. Brock and Edward H. Kavinoky, of Buffalo, N. Y., for plaintiff.

Brown, Kelly, Turner & Symons, of Buffalo, N. Y. (Noel S. Symons and John E. Leach, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, Chief Judge.

This is a motion for summary judgment under Rule 56 of Federal Rules of Civil Procedure, 28 U.S.C.A., pending since 1945.

The answer, filed April 4, 1945, sets up four defenses: (1) denies negligence; (2) alleges that decedent was an employee of defendant "engaged in a maritime employment on navigible waters of the United States", where the fatal accident occurred; that defendant had duly complied with the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., which furnished plaintiff's exclusive remedy; (3) contributory negligence of

deceased; (4) specific denial of defendant's negligence.

The return day of the motion for summary judgment was October 12, 1945. Attached to the motion were the following affidavits:

Frank Sam Birkenmeyer, defendant's vice president, alleges (October 8, 1945) that defendant is a Delaware corporation authorized to do business in New York; that it is owner and occupant of premises described in complaint and deceased was in its employ when injured and working on barge which it owned; that it owned the grain; that the employment was maritime and in navigable waters of the United States; that defendant had secured insurance provided for by Longshoremen's and Harbor Workers' Compensation Act with American Motorists Insurance Co. and the policy (a photostat of which was annexed) was in effect; that defendant kept posted in a conspicuous place on said premises the printed notice prescribed by said Act; that since April 15, 1944, a contract (copy of which is annexed) was in force between defendant and Local 1286 of International Longshoremen's Union relating to type of service performed by deceased and this was the only contract in existence at time of accident; that there is a New York corporation known as "Buffalo Flour Mills Corporation", of which deponent is vice president, but it has never owned the premises in question, been an occupant thereof or conducted any operations there since 1937, was not decedent's employer and had no control over him, had no employees, property nor money in bank; that the telephone listed under its name is actually defendant's telephone; that said Corporation, having no employees, had no contract with any union; that it annually reports to New York State that it has no assets, no liabilities, and performs no operations, all of which was annexed) was in force between was annexed).

Richard J. Wiegley and Clarence Brost, in a joint affidavit of October 8, 1945, allege they were employed exclusively by defendant and signed checks for it upon its "Pay Roll Account" drawn upon Manufacturers and Traders Trust Co., Buffalo, N. Y. Photostats of 5 checks are annexed, dated October 28, November 2, 9, 16 and 17, 1944, drawn by defendant and payable to "C. Wendelen." The first 3 are endorsed by "C. Wendelen" and the last 2 by "Estate of C. Wendelen—Inza Wendelen Administrator." All 5 are signed by "R. Wiegley" and countersigned by "C. Brost." Both affiants allege that they are familiar with decedent's signature and that it appears on the endorsements of the first 3 checks.

Donald Gregory Haney, defendant's elevator superintendent at said premises alleges (October 8, 1945) that since April 15, 1944, a contract was in effect between defendant and said Local 1286; that in accordance with said contract and being in need of services of that Union's men, deponent communicated with its business agent and there was sent to him decedent, whom he hired solely for defendant and put upon its pay roll; that, at time of accident, decedent was solely employed by defendant in unloading a barge upon navigable waters at defendant's dock at premises owned by defendant and commonly known as "Buffalo Flour Mills."

The deposition of said Frank Sam Birkenmeyer was taken on January 22, 1946, March 4, 1948, and January 10, 1949.

On January 22, 1946, Birkenmeyer testified he was defendant's vice president since 1933 and is manager of Buffalo Flour Mills Corp., which operates as a unit but does not file any social security or unemployment insurance reports; that defendant Commander Larabee Milling Company is a Delaware corporation; that the two corporations are separate; that defendant employs members of International Longshoremen's Union for elevator work and members of Flour Mill Workers' Union for mill work—both being A. F. of L. unions; that defendant owned the premises at place and date of accident and also the barge; that deceased was sent by International Longshoremen's Union and employed and paid by defendant; that he was never hired by Buffalo Flour Mills Corp., which had no employees in Buffalo, N. Y. and owned no

property in New York State; that Buffalo Flour Mills Corp. "is an operating or trade name * * *. It is used merely to designate this particular unit in the same manner as we use other mill names to identify other units in different parts of the country"; that defendant has a telephone listing under name of Buffalo Flour Mills Corp. for convenience of people in Buffalo, N. Y.; that decedent's immediate superior was Mr. Haney, employed by. defendant; that defendant owns 100% of stock of Buffalo Flour Mills Corp. and Mr. R. W. Goodell is president of both corporations; that the latter "is a corporation without assets and liabilities."

The deposition of Frank S. Birkenmeyer was continued on March 4, 1948, when he produced certain records. He was positive there was no contract between defendant and Buffalo Flour Mills Corp.

The deposition was further continued on January 10, 1949. Birkenmeyer was questioned in detail about stock certificates of Buffalo Flour Mills Corp. and then about its certificate of incorporation stating the purposes for which it was formed. Plaintiff's counsel then questioned him at length about various resolutions of its board of directors.

Longshoremen's and Harbor Workers' Compensation Act was in effect at time of this fatal accident and contained these provisions:

"§ 903. (a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law * * *.

"§ 904. (a) Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 907, 908, and 909 of this chapter * * *.

"§ 905. The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death * * *."

■ Plaintiff specifically alleges in her complaint that the building at 212 Erie Street, Buffalo, N. Y., where accident occurred, "had a dock which was adjoining a navigable stream on which was located a barge from which grain was being unloaded and transported into said building"; that decedent was struck by the boom while he "was on said barge."

The accident therefore happened upon "navigable waters of the United States".

■ Decedent's employment at time of accident was maritime and within the admiralty jurisdiction. "The law is now well settled that a maritime employee, if injured on a vessel in navigable waters, may not have the benefit of a state workmen's compensation act." Reinhart v. Gerosa Crane Service Co., Inc., 263 App.Div. 28, 30, 31 N.Y.S.2d 162, 165; Minnie v. Port Huron Terminal Co., 295 U.S. 647, 55 S.Ct. 884, 79 L.Ed. 1631.

Rule 56 provided: when the instant motion was made:

"(a) A party seeking * * * to obtain a declaratory judgment may, at any time after the pleading in answer thereto has been served, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

*   *   *   *   *   *

"(c) * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

In the instant case the accident occurred November 14, 1944, the complaint was filed February 15, 1945, the answer was filed April 4, 1945, and the notice of motion for summary judgment was served upon plaintiff's attorney October 11, 1945.

Now, for the first time, plaintiff has presented opposing affidavits, two in number and both verified May 22, 1950. They are as follows:

Edward H. Kavinoky, plaintiff's attorney, stresses the contents of the documents presented by said Frank Sam Birkenmeyer on his depositions. He alleges: "It is the contention of the plaintiff that (her) intestate was an employee of Buffalo Flour Mills Corporation and was killed through the negligence of the defendant, Commander Larabee Milling Company, who was a third party as far as plaintiff's intestate was concerned."

He points out that the policy of insurance of American Motorists Insurance Co., a photostat of which is annexed to defendant's motion under Rule 56, names these "Additional Employers"—"Commander-Larabee Milling Company d/b/ as: Commander Milling Company, Minneapolis Milling Company, Buffalo Flour Mills Corporation * * *."

He claims that said depositions "show clearly that the Buffalo Flour Mills Corporation was in operation as a separate corporation and that it operated the mill where the accident took place." He particularly refers to the deposition of January 10, 1949, showing that said Corporation had been doing business in Buffalo, N. Y. He says, however: "It is clear that Buffalo Flour Mills Corporation was a separate corporation."

The second affidavit is that of Owen J. Kavanagh, who alleges he "was business agent of Flour Mill Workers Union, Local #22073" during years 1940–1945, knew decedent, and that "I always considered that he and other men whom I sent out were employed by the Buffalo Flour Mills Corporation. Our Union contract was always discussed as and was considered as being with (it); my correspondence with the company concerning the contract was always addressed to and signed by (it)."

■ What affiant "always considered" or "was considered" has no probative value. This is also true of the two letters annexed to the affidavit, both on the stationery of Buffalo Flour Mills Corporation and signed by F. S. Birkenmeyer as manager thereof. The first letter, dated August 4, 1942, contains a single sentence, to wit: "Attached you will find elevator contract which has just been returned to me by Minneapolis properly signed." It does not state the names of the parties to this contract or intimate that it was an "elevator contract" between the Union and Buffalo Flour Mills Corporation. The second letter, dated November 7, 1945, relates to the return to work of one Herbert K. Harvey but does not indicate what position he held or under what labor contract he had been working.

The labor contract in question, a photostat of which is annexed to defendant's motion for summary judgment, is entitled: "Agreement Dated April 15, 1944 between Commander-Larabee Milling Company as Manager of and with respect to the Commander-Larabee Elevator and Local 1286, International Longshoremen's Association." It is signed by "Owen J. Kavanagh Local 1286 Int'l Longshoremen's Ass'n." It contains the following provision: "2. Duties of Employees. The men covered by this agreement (other than watchmen) will be employed as elevator operators, it being understood and agreed that they will load and unload cars and barges, sack grain, handle bag grain in and out of elevator(s) and do any and all other work necessary in the operation and maintenance of the elevator and elevator property."

At the deposition on January 22, 1946, Frank S. Birkenmeyer testified—"the men in the elevator work under one contract, one union, and the men in the mill work under another union. Q. What union do the latter come under? A. Flour Mill Workers Union. I would have to check that number for you; 22076 or something. Five figures in that I remember. Those are both A. F. of L. Unions."

■ Plaintiff has failed to produce sufficient evidence to controvert defendant's moving affidavits and the testimony of its vice president Birkenmeyer to the effect that decedent, at time of accident was employed by defendant and not by Buffalo Flour Mills Corporation. Defendant's motion for summary judgment under Rule 56 is hereby granted.