GLADDEN v. STOCKARD S. S. CO. (ATLANTIC & GULF STEVEDORES, Inc., Third-Party Defendant).

No. 10107.

United States Court of Appeals Third Circuit.

Argued May 2, 1950.

Decided Oct. 5, 1950.

---

5. Stockard's request No. 16.

Frank R. Ambler, Philadelphia, Pa. (Howard R. Detweiler, Philadelphia, Pa., on the brief), for appellant.

David Berger, Philadelphia, Pa., for Gladden.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

This appeal presents another facet of the litigation instituted by the plaintiff against Stockard Steamship Company ("Stockard"), and in which the instant appellant, Atlantic & Gulf Stevedores, Inc. ("Atlantic"), was joined by Stockard as third-party defendant. Judgment was entered in the District Court upon a jury verdict against Atlantic and in favor of the plaintiff: it is this judgment which Atlantic now seeks to have set aside. Judgment was also entered on the jury verdict for Stockard against the plaintiff, and the plaintiff's appeal therefrom, No. 10,126, is disposed of this day. The opinion of the Court on that appeal, 184 F.2d 507, sets forth the background material which we shall not now repeat.

It is necessary, for the purposes of disposing of this appeal, to emphasize the fact that both the plaintiff and Atlantic are Pennsylvania domiciliaries. In addition, it should be noted that Atlantic, which was the employer of plaintiff's decedent, has apparently been making payments on account of the decedent's death by reason of an award obtained under the Pennsylvania Workmen's Compensation Act, as amended, 77 P.S. § 1 et seq. Finally, we relate a fact upon which the plaintiff places great weight: in the course of its deliberations, the jury addressed two questions to the learned trial judge, whether a verdict could be returned against Atlantic alone and whether that verdict could be in an amount in excess of the workmen's compensation. Atlantic advised[1] the District Judge that the answer to both questions should be in the affirmative. Although the Court so instructed the jury, it added that any verdict of the jury against Atlantic could not be collected by the plaintiff under the Pennsylvania compensation statute.

It may be noted that in attempting to hold her judgment here the plaintiff is assuming a position contrary to that taken in the District Court when she asked the latter to instruct the jury that any verdict recovered against Atlantic alone could not be collected against it.

---

1. Atlantic's counsel was not present, but authorized the statement to the Court.

In its argument Atlantic places great reliance upon the fact that the plaintiff did not amend her complaint against Stockard to include a claim against it. However, by far the more important consideration is the fact that there was lacking, as between plaintiff and Atlantic, the necessary diversity of citizenship. At least we so held to that effect in a closely analogous situation, Pearce v. Pennsylvania R. Co., 3 Cir., 1947, 162 F.2d 524, 528, and it is a corollary to our ruling in Sheppard v. Atlantic States Gas Co., 3 Cir., 1948, 167 F.2d 841, 845, and is in accord with the weight of authority, 3 Moore's Federal Practice (2d ed.) Sec. 14.27 and the cases collected therein.

The plaintiff maintains, however, that the accident herein is in reality a maritime tort and accordingly asserts that the District Court had "naked power" to hear and determine the controversy. She relies upon the Act of June 19, 1948, 46 U.S.C.A. § 740, for this assertion.[2] Even assuming insofar as Atlantic is concerned, that the accident had been "caused by [the] vessel", one plain difficulty with this proposition is that its assertion at this late date would certainly deprive Atlantic of the opportunity to have raised those certain defenses which would have otherwise been available to it at the commencement of the action.

Nevertheless, a literal reading of the statute would place this accident upon the "navigable waters". Thus, it would appear that the plaintiff, on her own view, has brought herself directly within the Federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901, et seq. Consequently, the plaintiff would have no cause of action in the District Court against Atlantic, the decedent's employer, unless she were to have asserted and proved that Atlantic failed to comply with the statute. The result is that whether this is a maritime tort or a terrestrial tort [3] the root of the plaintiff's argument is not strong enough to bear either branch of it so as to sustain this judgment. Clearly, if it were a terrestrial tort under Pennsylvania' law, Maio v. Fahs, 1940, 339 Pa. 180, 14 A.2d 105 her award from the Pennsylvania Workmen's Compensation Board would bar recovery from Atlantic in any event, and if it were a maritime tort action she can only proceed under the Longshoremen's and Harbor Workers' Compensation Act.

For the reasons stated the judgment of the District Court must be vacated.

---

2. "§ 740. Extension of admiralty and maritime jurisdiction; libel in rem or in personam; exclusive remedy; waiting period.

"The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land.

"In any such case suit may be brought in rem or in personam according to the principles of law and the rules of practice obtaining in cases where the injury or damage has been done and consummated on navigable water: * * *."

3. Minnie v. Port Huron Terminal Co., 1935, 295 U.S. 647, 55 S.Ct. 884, 79 L.Ed. 1631; T. Smith & Son, Inc., v. Taylor, 1930, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520.