Martha JORDAN, Appellant,

v.

STATES MARINE CORPORATION OF
DELAWARE, a Corporation,
Appellee.

No. 15830.

United States Court of Appeals
Ninth Circuit.

July 15, 1958.

Peterson, Pozzi & Lent, Donald Wilson, Portland, Or., for appellant.

White, Sutherland & White, William F. White, Portland, Or., Graham, James & Rolph, Henry R. Rolph, Francis L. Tetreault, San Francisco, Cal., for appellee.

Before DENMAN, POPE and FEE, Circuit Judges.

DENMAN, Circuit Judge.

Mrs. Jordan, a citizen of Oregon, appeals from a summary judgment dismissing before trial her complaint in a diversity suit against appellee, a Delaware ship-owning corporation, hereafter States Marine. Her complaint seeks recovery for loss of consortium and sexual intercourse resulting from the injury to her sailor husband caused by the States Marine's negligence on the high seas on a voyage from California to Japan while he was a seaman employed on its steamship Cotton State, she then being in Oregon, the place of their marital domicile.

For purposes of the summary judgment ordering dismissal it is assumed that States Marine was negligent and that its negligence was the proximate cause of the damage to Mrs. Jordan. It is stipulated that the injured seaman,

Johnnie Jordan recovered the sum of $12,666.75 plus costs in an action in the Oregon State Courts under the Jones Act, 46 U.S.C.A. § 688 and that he has received $14,000.00 in return for signing a full release of any and all additional claims he may have against States Marine arising out of the same injury.

It is not claimed that the above judgment or the above release affects the rights of Mrs. Jordan to recover for damage to her because of the injury to her husband. It is conceded by the appellee that under the statutory law of Oregon,[1] the domicile of the appellant, a wife has "the right of action for loss of consortium of her husband" and this is the basis upon which appellant rests her right to sue.

The court rendered no opinion stating no more than that the complaint and admissions show no genuine issue as to a material fact exists and that as a matter of law defendant is entitled to a judgment.

Mrs. Jordan's briefs concede her cause of action "is predicated neither upon the Jones Act or the General Maritime Law" and that she "is not contending that her cause of action for loss of consortium merely supplements maritime law". Nor does she question that under the maritime law States Marine is not liable to her for the tortiously caused loss of consortium with her husband or that under the law of Delaware, the state of the vessel owners, there is no such liability. To the contrary are Delaware Code Title 13, § 311 and Sobolewski v. German, 1924, 2 W.W.Harr. 540, 32 Del. 540, 127 A. 49.

Her sole contention in briefs and at hearing is that though the acts causing her *husband's* injury were on the high seas, "the injury *she* sustained was in the State of Oregon, the place of the parties' marital domicile, which granted her a substantive right to recover for interference with her consortium by third parties." [Emphasis added.]

Mrs. Jordan's brief cites and relies upon the Restatement of Conflict of Laws, Section 377:

"The place of wrong is in the state where the *last event* necessary to make an actor liable for an alleged tort takes place." [Emphasis added.]

It will be noted that the words "last event necessary" are used instead of "where the damage was done" or "where the harm ensued". We agree this is the controlling law of torts, where, as here, the tort was committed on the high seas and construe the "last event" to mean the last act on board the vessel causing the injury to the husband. We do not regard the law of Oregon making the wife's injury a recoverable tort there as an event in the chain of causative facts. The harm to Mrs. Jordan was completed on the high seas on the Delaware vessel. That she may not discover her loss until her husband comes home is an afterevent to the chain of causation of the tort.

We are not here concerned with the question of the power of Oregon to create such a new liability for a tort occurring in the territorial waters of the state. That the state cannot make such a tort enforceable extra-territorially on a vessel not owned by an Oregon corporation or in another state is long since decided. The Hamilton, 207 U.S. 398, 28 S.Ct. 133, 52 L.Ed. 264; Black Diamond S.S. Corp. v. Robert Stewart & Sons, 1949, 336 U.S. 386, 69 S.Ct. 622, 93 L.Ed. 754; Williamson v. Weyerhaeuser Timber Co., 9 Cir., 221 F.2d 5, 11.

In similar actions for wrongful death caused on the high seas the "place of wrong" is held to be on the ship. In Minnie v. Port Huron Terminal Co., 1935, 295 U.S. 647, 55 S.Ct. 884, 79 L. Ed. 1631, the Court determined that the death of a stevedore occurring when a crane toppled him off of a vessel and onto a dock was maritime in character even

1. ORS 108.010.

though he didn't meet injury or death until he struck the "non-maritime" dock.

Likewise in United States Shipping Board Emergency Fleet Corporation v. Greenwald (The Ogontz), 2 Cir., 1927, 16 F.2d 948, 1927 A.M.C. 308, the Court determined that the place of the wrong was aboard ship on the high seas where the seaman became ill because of eating poor food supplied by the shipowner, even though the seaman didn't die until he was put ashore on the Gold Coast of Africa which had no wrongful death Act.

In Vrooman v. Beech Aircraft Corp., 10 Cir., 1950, 183 F.2d 479 which concerned an action involving breach of warranty the plaintiff of Missouri sued an aircraft manufacturer of Pennsylvania who last repaired the plaintiff's airplane in Kansas representing it fit to fly when it wasn't. The crash of the airplane and resulting death of its occupants occurred in Indiana. The "place of wrong" was determined by the Court to be Kansas where the last necessary act occurred.

Reliance is placed in Hunter v. Derby Foods, Inc., 2 Cir., 110 F.2d 970, 972, 133 A.L.R. 255. There Derby Foods shipped its contaminated corn beef from New York to Ohio where it was sold to one Dean who died from its poisonous quality. In holding that the tort consisted in sending the poisoned food into the state where it would be bought by someone to be eaten, the court stated:

"In such cases the place of wrong, the 'locus delicti', is taken by courts in this country to be the state where the last event necessary to make the actor liable occurs."

Here the last event to make the shipowner liable for the tort to the husband occurred on the ship while on the high seas.

Similarly is the case of Anderson v. Linton, 7 Cir., 178 F.2d 304, where a New York company sent for delivery to a purchaser in Des Moines, Iowa, a defective truck trailer, which because of the defect caused a collision, killing Anderson. Here obviously the "last event" was the movement of the trailer on the Iowa road, where the owner was sending it for delivery.

Likewise is Smyth Sales v. Petroleum Heat & Power Co., 3 Cir., 128 F.2d 697, where the case was tried in New Jersey and the claimed tort of deceit occurred in Connecticut. The court stated at page 699:

"The New Jersey rule of conflict of laws in tort actions is the usual one that the law of the place of wrong governs. In an action for fraud and deceit, the place of wrong is the place where the loss is sustained. Restatement, Conflict of Laws (1934), § 377, n. pt. 4;"

The Restatement's point 4 and its note are:

"4. When a person sustains a loss by fraud, the place of wrong is where the loss is sustained, not where fraudulent representations are made."

Illustrations:

"5. A, in state X, makes false misrepresentations by letter to B in Y as a result of which B sends certain chattels from Y to A, in X. A keeps the chattels. The place of the wrong is in state Y where B parted with the chattels."

In the instant case the place of wrong is similarly on the ship Y where the wrongful act of the shipowner A caused the wife B to be parted from benefit of his potency.

The judgment is affirmed.