**Edgar J. BOUDLOCHE,**
**Plaintiff-Appellant,**

v.

**CONOCO OIL CORPORATION and**
**Exxon Corporation et al.,**
**Defendants-Appellees.**

**No. 79-2511**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 18, 1980.

Christopher B. Siegrist, Houma, La., for plaintiff-appellant.

Thomas E. Loehn of Montgomery, Barnett, Brown & Read, New Orleans, La., for Louisiana Oil Exploration Co.

Roger J. Larue, Jr., Metairie, La., for Howard Trucking Co.

Henderson, Hanemann & Morris, Charles Hanemann, Houma, La., for Johnson Drilling Co.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant, Edgar Boudloche, filed this suit in the district court complaining of personal injuries sustained during the removal of four small vessels from the Belle River. Initially, only Conoco Oil Corporation and Exxon Oil Corporation were sued, but the complaint was subsequently amended to add Johnson Drilling Company and Pharr Drilling Company as defendants. Thereafter, Boudloche voluntarily dismissed his claims against Conoco and Exxon. The district court granted Johnson's motion for summary judgment and dismissed the case with prejudice. We affirm with a modification.

At the time of the accident Boudloche was employed as a driver of a tractor-trailer rig. On February 5, 1975, his employer dispatched him to the Belle River landing, near Pierre Port, Louisiana, to load four small boats onto the back of his rig and to transport them to another location. There was no dock at the landing, only a gradual, shelled incline. Boudloche backed his rig down the incline and stopped it about two feet from the water's edge. The boats were loading using a winch on the rig and the combined efforts of Boudloche and employees of Johnson and Pharr. Three boats were loaded without incident. The last ves-

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

sel was completely removed from the water; however, before being secured on the rig, it fell and crushed Boudloche who was standing on the shore. The vessel came to rest landward.

Johnson moved for summary judgment on the grounds that Louisiana law controlled and that Boudloche's suit was barred by the state statute of limitations. The district judge granted the motion, because he concluded he lacked jurisdiction, citing *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), and dismissed the suit with prejudice. On appeal, Boudloche's sole argument is that the lower court had subject matter jurisdiction pursuant to the Admiralty Extension Act, 46 U.S.C. § 740 (1976).

Historically, the federal courts' maritime jurisdiction for torts has been limited to "torts occurring *on* the navigable waters of the United States." (emphasis supplied) *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 205, 92 S.Ct. 418, 421, 30 L.Ed.2d 383 (1971). The Supreme Court has now added a second requirement: the tort is not maritime unless the wrong bears a "significant relationship" to a traditional maritime activity. *Executive Jet Aviation, Inc.,* 409 U.S. at 268, 93 S.Ct. at 502. The stringency of the locality component of the test is demonstrated by *T. Smith & Son, Inc. v. Taylor,* 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520 (1928). In that case a longshoreman, who was standing on a wharf, was struck by a sling of cargo being unloaded from a ship and was knocked into the water. The Court held that maritime jurisdiction did not apply to the delict because the blow took place on land.

In order to remedy incongruities, *compare Taylor with Minnie v. Port Huron Terminal Co.,* 295 U.S. 647, 55 S.Ct. 884, 79 L.Ed. 1631 (1935) *and The Admiral Peoples,* 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633 (1935), (maritime jurisdiction applies where blow struck on a vessel or gangplank on navigable waters and victim knocked onto land), Congress enacted the Admiralty Extension Act. That statute extends admiral-ty jurisdiction to personal injury, consummated on land, by a vessel *on* navigable waters. It has been construed to provide jurisdiction when the injury was caused by the ship's personnel rather than by the ship itself. *Gutierrez v. Waterman Steamship Corp.,* 373 U.S. 206, 209–10, 83 S.Ct. 1185, 1187–1188, 10 L.Ed.2d 297 (1963).

Nevertheless, Boudloche's contention is foreclosed by the fact that Congress expressly retained the condition that the vessel must be *upon* the water. We have found no cases where maritime jurisdiction has been extended to an injury that occurred entirely on land as a result of a vessel which was ashore. *Cf. Hastings v. Mann,* 340 F.2d 910 (4th Cir. 1965), *cert. denied,* 380 U.S. 963, 85 S.Ct. 1106, 14 L.Ed.2d 153 (1965) (no maritime jurisdiction where plaintiff slips on launching ramp while attempting to launch boat even though his feet were awash). Moreover, recent pronouncements from the Court have read congressional grants of admiralty jurisdiction restrictively.

The power reserved to the states, under the Constitution, to provide for the determination of controversies in their courts may be restricted only by the action of Congress in conformity to the judiciary sections of the Constitution. . . . Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the *precise limits* which [a federal] statute has defined. (emphasis supplied)

*Executive Jet Aviation, Inc.,* 409 U.S. at 272–73, 93 S.Ct. at 506, *quoting, Victory Carriers, Inc.,* 404 U.S. at 212, 92 S.Ct. at 425. Because the blow was made by a boat out of the water while the victim stood on the shore and the boat came to rest beyond the water's edge, admiralty jurisdiction is lacking.

The district court properly concluded that it did not have jurisdiction but it erred in granting summary judgment and dismissing with prejudice. Since the court lacked jurisdiction over the action, it had no power to render a judgment on the merits.

*Dassinger v. South Central Bell Telephone Co.*, 505 F.2d 672, 674 (5th Cir. 1974); 10 C. Wright & A. Miller, Federal Practice & Procedure § 2713 (1973). On remand, the district court should expunge its initial judgment and enter an order dismissing the case for want of subject matter jurisdiction.

REMANDED.