**Douglas CROTWELL and Alexandra Crotwell, his wife, Plaintiffs-Appellants,**

v.

**HOCKMAN–LEWIS LIMITED, etc., et al., Defendants-Appellees.**

No. 83–5376.

United States Court of Appeals, Eleventh Circuit.

June 18, 1984.

William H. Roundtree, Cocoa, Fla., for plaintiffs-appellants.

John D. Kallen, Miami, Fla., for defendants-appellees.

Before RONEY and VANCE, Circuit Judges, and SIMPSON, Senior Circuit Judge.

RONEY, Circuit Judge:

The district court properly dismissed the complaint in this case for lack of subject matter jurisdiction. The complaint did not state a cause of action in admiralty, and showed on its face that there was not complete diversity between the parties.

The plaintiffs sued the defendants, Hockman-Lewis Limited, Kellogg American Company, Tropical Shipping and Construction Company, Ltd., Birdsall, Inc., and the M/V "TROPIC DAY" for damages for personal injuries sustained by Douglas Crotwell in an accident which occurred in St. Thomas, U.S. Virgin Islands, on January 10, 1978. Plaintiffs alleged that the de-

fendants caused the accident by their negligence with regard to a crate containing an air compressor which Crotwell was unloading from a truck at the time he was injured. Only Tropical and Birdsall were served with process. The district court dismissed the complaint against the M/V "TROPIC DAY" for failure to arrest the vessel and bring it properly before the court, and dismissed defendants Hockman-Lewis Limited and Kellogg American Company due to plaintiffs' failure to effect service of process on them.

Faced with the remaining defendants' motion to dismiss for lack of subject matter jurisdiction, the plaintiffs contend the court had admiralty jurisdiction under the so-called Admiralty Extension Act, 46 U.S. C.A. § 740. This Act provides, in pertinent part, that

> [t]he admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water notwithstanding that such damage or injury be done or consummated on land.

We have held that the application of this Act is limited by the principles set forth in *Executive Jet Aviation, Inc. v. Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), which provide that admiralty jurisdiction requires that "the wrong bear a significant relationship to traditional maritime activity." *Sohyde Drilling and Marine v. Coastal States Gas Prod.,* 644 F.2d 1132 (5th Cir.), *cert. denied,* 454 U.S. 1081, 102 S.Ct. 635, 70 L.Ed.2d 615 (1981). In *Kelly v. Smith,* 485 F.2d 520, 525 (5th Cir.1973), *cert. denied,* 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974), the Court outlined four factors which may be considered in determining the existence of a substantial relationship: (1) the functions and roles of the parties; (2) the types of vehicles and instrumentalities involved; (3) the causation and type of injury; and (4) traditional concepts of the role of admiralty law. Applying this test to the uncontested controlling facts of this case, the district court properly held that the complaint failed to show the requisite nexus with maritime activity necessary to sustain admiralty jurisdiction.

The plaintiff was injured while unloading an air compressor from a truck owned by Heyl & Patterson, his employer. The compressor had been picked up at the port of St. Thomas by Heyl & Patterson employees on January 5, two days after its discharge from the M/V "TROPIC DAY" on January 3, and transported to Heyl & Patterson's construction site approximately three quarters of a mile away. This site was neither at the port nor near any body of water. Plaintiff Douglas Crotwell, the contract manager responsible for supervising Heyl & Patterson's construction work in the Virgin Islands, first saw the air compressor on January 10, seven days after the compressor had been discharged from the ship, and five days after it had been transported from the port. The accident occurred at the construction site on January 10, while Crotwell was attempting to remove the compressor from the back of the truck. He and other employees of Heyl & Patterson were using a forklift and timber cribbing when the compressor tipped over and struck him.

The complaint alleged that the defendants "each negligently and carelessly caused damage to the crating holding said air compressor," failed to act reasonably and prudently to correct damaged crating, negligently and carelessly failed to give Douglas Crotwell notice of the danger to him from said damaged crating, and failed to reasonably and prudently protect Crotwell from the dangers to which he was exposed by the damage to the crating. Alternatively, the plaintiffs allege that the crating was damaged during the voyage.

The air compressor was received by defendant Tropical at Riviera Beach, Florida, where it was transferred from land transportation to the "TROPIC DAY". It was transported to St. Thomas where it was unloaded from the "TROPIC DAY" onto the dock immediately adjacent to the berthing place of the ship.

Birdsall was the owner of the ship. Tropical, the time-charterer of the ship, was alleged to have been acting as an agent of each of the defendants. The complaint alleged that Hockman-Lewis Limited and Kellogg-American Company negligently and carelessly crated the air compressor with soft pine wood not reasonably suited for use as crating material for either land or overseas shipment of the compressor. It further alleged that the crate was damaged while in transit on the ship.

■ We hold that even if the damage to the container occurred on the ship, neither the "no-fault" doctrine of unseaworthiness nor a theory of negligence may properly be applied to an injury so remote in time and place from traditional maritime activity. *Gutierrez v. Waterman Steamship*, 373 U.S. 206, 210, 83 S.Ct. 1185, 1188, 10 L.Ed.2d 297 (1963); *Pryor v. American President Lines*, 520 F.2d 974 (4th Cir. 1975), *cert. denied*, 423 U.S. 1055, 96 S.Ct. 787, 46 L.Ed.2d 644 (1976). The cases have not developed any articulable standard by which to determine when an injury is too remote in time and place from traditional maritime activity to satisfy admiralty jurisdiction. The law on this question will apparently develop on a case-by-case basis.

Analyzing the facts in light of the four factors set forth in *Kelly*, it seems clear that the requisite substantial relationship to maritime activity is absent. As for the functional roles of the parties, the plaintiff was employed as a shore-based worker on a construction project totally unconnected with maritime activity. The plaintiff's job responsibilities did not include any activity that could reasonably be construed as traditional seaman's work. His work did not benefit the vessel or the vessel's owners. *Offshore Company v. Robison*, 266 F.2d 769 (5th Cir.1959). Defendant Tropical's involvement as time-charterer of the "TROPIC DAY" had altogether ceased several days prior to the accident, and there were no Tropical employees at the job site where the accident occurred.

As for the types of vehicles and instrumentalities involved, none were of the type traditionally involved in maritime activity. The truck, the forklift, and the heavy timber cribbing were all associated with the landbased operation in which plaintiff was engaged at the time of the injury.

As for the causation and type of injury, the damage to the crate could just as well have occurred on land as on the ship, and the cause of the accident and the injury suffered are the sort traditionally associated with landbased accidents.

As for the traditional concepts of the role of admiralty law, *Kelly* stated:

> The admiralty jurisdiction of federal courts stems from the important national interest in uniformity of law and remedies of those facing the hazards of waterborne navigation.

485 F.2d at 526. The accident here involved neither the vessel nor any of its appurtenances, and had no significant relationship to traditional maritime activity. When presented with similar situations, the courts have uniformly declined to accept admiralty jurisdiction. *See, e.g., Boudloche v. Conoco Oil Corporation*, 615 F.2d 687 (5th Cir.1980); *Parker v. South Louisiana Contractors, Inc.*, 537 F.2d 113 (5th Cir.1976), *cert. denied*, 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582 (1977); *Davis v. W. Bruns & Co.*, 476 F.2d 246 (5th Cir. 1973).

■ The district court properly concluded that it lacked subject matter jurisdiction. For some inexplicable reason, the defendants' motion to dismiss was granted "with prejudice". This was error. Since the court lacked subject matter jurisdiction over the action, it had no power to render a judgment on the merits. *Boudloche v. Conoco Oil Corp.*, 615 F.2d at 688. Rather than remanding the case for entry of an order without prejudice, we hereby modify the district court's order by substituting the words "without prejudice," for the words "with prejudice," and affirm the judgment of the court as modified.

AFFIRMED AS MODIFIED.

VANCE, Circuit Judge:

I respectfully dissent from the majority's rejection of admiralty jurisdiction. Plaintiff alleges the negligent damaging of a cargo's crating while aboard a cargo ship on the high seas, resulting in injury to the plaintiff before the cargo was unloaded at its final destination and hence before it had come to rest. Conceding that the question is close, I would rule that plaintiff's alleged injury bears the necessary significant relationship to maritime activity.

In its application of the *Kelly* factors, the majority chooses to focus on the situation existing at the precise moment of injury. By so doing it underplays the pro-admiralty jurisdiction tendencies of the first two *Kelly* factors. While the plaintiff's role and functions were unconnected with maritime activity, those of both the time-charterer and owner were closely connected, particularly at the time of the damage to the crate. *Cf. Sohyde* at 1136. The Tropic Day, on board which the crate was damaged, is directly connected with maritime activity, and the air compressor and crate constituted cargo on board the Tropic Day when the negligence occurred.