**Slip Op. 01-55**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE GREGORY W. CARMAN, CHIEF JUDGE**

| | |
|---|---|
| **REBAR TRADE ACTION COALITION,** | |
| **Plaintiffs**, | |
| v. | **Court No. 00-10-00501** |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

Plaintiff Rebar Trade Action Coalition (Plaintiff) has contested, under 28 U.S.C. §1581(i), the United States International Trade Commission's (Commission or Defendant) negative material injury determination regarding subject imports from Japan in *Certain Steel Concrete Reinforcing Bars from Austria, Belarus, China, Indonesia, Japan, Korea, Latvia, Moldova, Poland, Russia, Ukraine, and Venezuela*, 65 Fed. Reg. 51,329 (Aug. 23, 2000) (*Rebar Investigation*). Plaintiff has also moved to dismiss this case without prejudice. Defendant has moved to dismiss Plaintiff's complaint for lack of jurisdiction. Defendant's unopposed motion is granted. Plaintiff's motion to dismiss without prejudice is denied. This case is dismissed for lack of jurisdiction.

Dated: May 4, 2001

*Wiley, Rein & Fielding* (*Charles Owen Verrill, Jr.*), Washington, D.C., for Plaintiff.

*Lyn M. Schlitt*, General Counsel, *Marc A. Bernstein*, Acting Assistant General Counsel, *Gracemary Rizzo*, Office of General Counsel, United States International Trade Commission, for Defendant.

**OPINION**

**CARMAN, Chief Judge:** Upon Plaintiff's challenge of the Commission's negative

material injury determination regarding subject imports from Japan in *Rebar Investigation*, and

upon Defendant's unopposed motion to dismiss for lack of jurisdiction, Defendant's motion is granted. Plaintiff's motion to dismiss without prejudice is denied. This case is dismissed for lack of jurisdiction.

PROCEDURAL BACKGROUND

On October 20, 2000, Plaintiff filed a summons and complaint, claiming the Commission wrongfully terminated its investigation and failed to investigate in accordance with law whether the national steel concrete reinforcing bar industry in the United States is materially injured or threatened with material injury, or that the establishment of an industry in the United States is materially retarded, by reason of subject imports from Japan in *Rebar Investigation*. Plaintiff claimed this Court has jurisdiction over its appeal pursuant to 28 U.S.C. §1581(i) (2000). Plaintiff's complaint alleged three causes of action: (1) the Commission erred as a matter of law by not aggregating subject imports to evaluate import concentration data, causing its import concentration analysis to be arbitrary and contrary to law; (2) the Commission's import concentration analysis was not supported by substantial evidence of record, was not based on all facts of record, or was otherwise arbitrary and contrary to law; and (3) the Commission failed to conduct a material injury or threat of material injury analysis as required by 19 U.S.C. §1673b.

On November 9, 2000, Defendant filed a motion to dismiss the complaint for lack of jurisdiction. Defendant argued Plaintiff could have had an adequate remedy available under 28 U.S.C. §1581(c) with respect to its challenge of the negative preliminary determination if Plaintiff had filed a timely appeal. Title 28 U.S.C. §1581(c) states: "The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the

Tariff Act of 1930." Defendant stated 28 U.S.C. §1581(i) does not apply because it explicitly excepts from its scope those determinations reviewable under section 516A(a) of the Tariff Act of 1930.[1] The Commission's determination is reviewable under Section 516A, codified at 19 U.S.C. §1516a, because 19 U.S.C. §1516a(a)(1)(C) provides that a party may appeal a negative determination by the Commission in a preliminary antidumping duty investigation "by filing concurrently a summons and complaint . . . contesting any factual findings or legal conclusions upon which the determination is based." Defendant argues Plaintiff's appeal of the Commission's failure to investigate is a question of whether the Commission's conclusions are supported by substantial evidence and that because Plaintiff's entire complaint merely challenges the factual findings and legal conclusions upon which the Commission based its negative determination, it falls squarely within the filing requirements of 19 U.S.C. §1516a(a)(1)(C). Therefore, because Plaintiff failed to file under 28 U.S.C. §1581(c) in a timely manner, it cannot now use 28 U.S.C. §1581(i) to do so. *See Royal Business Machines, Inc. v. United States*, 669 F.2d 692 (CCPA 1982).

On February 16, 2001, Plaintiff filed a motion to dismiss this action without prejudice pursuant to CIT Rule 41(a)(2). Defendant did not respond.

DISCUSSION

In *Rebar Investigation*, the Commission states that it "determines, pursuant to section 733(a) of the Tariff Act of 1930 (19 U.S.C. 1673b(a)), that there is no reasonable indication that

---

[1]28 U.S.C. §1581(i) states: "This subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable [] by the Court of International Trade under section 516A(a) of the Tariff Act of 1930...."

an industry in the United States is materially injured or threatened with material injury, or that the establishment of an industry in the United States is materially retarded, by reason of such imports from Japan." *Rebar Investigation*, 65 Fed. Reg. at 51,330.  Although Plaintiff phrases its appeal as a contest of the Commission's "wrongful and unauthorized termination of an investigation and the failure to conduct an investigation in accordance with the law," Plaintiff's three alleged causes of action actually challenge the factual findings and legal conclusions upon which the determination is based.  Plaintiff therefore could have sought relief pursuant to the provisions of 28 U.S.C. §1581(c).  "Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of §1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987), *cert. denied*, 484 U.S. 1041 (1988).  Plaintiff has not met its burden to show that the remedy provided under §1581(c) would be manifestly inadequate.

Because this Court grants Defendant's motion to dismiss for lack of jurisdiction, it is unnecessary to address Plaintiff's motion to dismiss without prejudice except to deny it.  Under Rule 41(a)(2) of the United States Court of International Trade, a court-ordered voluntary dismissal is without prejudice unless otherwise specified.  This court has no jurisdiction over this case and cannot therefore dismiss it with prejudice.  *See Textile Productions, Inc. v. Mead Corp.*, 134 F.3d 1481, 1486 (Fed. Cir. 1998) ("[A] lack of subject matter jurisdiction usually justifies only a dismissal, not a dismissal with prejudice.") (citing *Fishburn v. Brown*, 125 F.3d 979, 981 (6th Cir. 1997) and *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)).  By granting Defendant's motion to dismiss for lack of jurisdiction, however, this Court makes clear that Plaintiff may not again challenge, under 28 U.S.C. §1581(i),  the Commission's negative

material injury determination regarding subject imports from Japan in *Rebar Investigation*.

CONCLUSION

Defendant's unopposed motion to dismiss for lack of jurisdiction is granted. Plaintiff's

motion to dismiss without prejudice is denied. This case is dismissed for lack of jurisdiction.

_____

Gregory W. Carman
Chief Judge

Dated: May 4, 2001
New York, New York