HARTZ, Circuit Judge,
concurring:
I join Judge Baldock’s opinion, but add a note regarding why I agree with our dis *1215 missal with prejudice of the claims for which the district court lacked subject-matter jurisdiction (the FTCA claim and the Bivens claims against the Bureau of Prisons and against the individual defendants in their official capacities).
There is substantial authority that a dismissal for lack of jurisdiction must be without prejudice. See, e.g., Textile Pro-Auctions, Inc. v. Mead Corp., 134 F.3d 1481, 1486 (Fed.Cir.1998); Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir.1984). The reason for this practice apparently has been the belief that a dismissal with prejudice has claim-preclu-sive effects that cannot be afforded a decision by a court without jurisdiction. See 9 Wright & Miller, Federal Practice and Procedure § 2373, at 396-98 (2d ed.1995). See generally Stephen B. Burbank, Sem-tek, Forum Shopping, and Federal Common Law, 77 Notre Dame L.Rev. 1027, 1042-46 (2002) (discussing history of Fed. R.Civ.P. 41). (That is not to say, however, that a dismissal without prejudice has no preclusive effects. Under the doctrine of direct estoppel (a species of issue preclusion), a dismissal without prejudice for, say, lack of subject-matter jurisdiction, would still preclude relitigation of the issue of subject-matter jurisdiction in the absence of newly arising facts or law. See 18 Wright, Miller & Cooper § 4418, at 467-69 (2002); Restatement (Second) of Judgments § 12 cmt. c (1982).)
A recent Supreme Court decision, however, has undermined this view. In Sem-tek Int’l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001), the Court wrote: “The primary meaning of ‘dismissal without prejudice,’ we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim.” I would infer that when a court rules that a dismissal is “with prejudice,” it is saying only that the claim cannot be refiled in that court. See id. at 506, 121 S.Ct. 1021; Burbank, supra, at 1042. Whether a dismissal with prejudice has preclusive effects in other courts will depend on additional matters, such as whether the dismissing court passed on the substance of the claim. See Semtek, 531 U.S. at 501-03, 121 S.Ct. 1021; Restatement, supra, § 20 cmt. d (court’s denominating a dismissal as “with prejudice” ordinarily has no effect on preclusive effect of the dismissal).
Thus, by saying that this dismissal is with prejudice, we mean only that these claims cannot be filed again by Mr. Steele in federal court. We are not asserting any claim-preclusive effects of our decision in other jurisdictions. There may be such effects, but they would not derive from our use of the words “with prejudice.” For example, we may sometimes dismiss with prejudice for lack of subject-matter jurisdiction when state law may recognize a cause of action. Our dismissal with prejudice in such a case might not preclude the plaintiff from proceeding in state court, even though “[sjtate courts are bound to apply federal rules in determining the pre-clusive effect of federal-court decisions on issues of federal law,” Heck v. Humphrey, 512 U.S. 477, 488 n. 9, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).