[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-12311
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 16, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00797-CV-W-N

ROSEMARY C. RILEY,

Plaintiff-Appellant,

versus

FAIRBANKS CAPITAL CORPORATION,

Defendant-Appellee.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Alabama
----------------------------------------------------------------

**(March 16, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Rosemary Riley, appearing pro se, appeals the district

court's grant of summary judgment to Fairbanks Capital Corporation

("Fairbanks"). Reversible error exists; we vacate the district court's judgment and remand for the district court to dismiss Riley's case without prejudice.

Riley filed a complaint against Fairbanks in district court alleging violations of federal law -- under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 ("RESPA"), and the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA") -- and raising many state law claims, including breach of conduct, intentional misrepresentation, negligence, and unjust enrichment.[1] Riley asserted, among other things, that the district court had federal question jurisdiction over her federal law claims, pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over her state law claims, pursuant to 28 U.S.C. § 1367.

A magistrate judge ordered Riley to file an amended complaint with factual allegations on Fairbanks's allegedly unlawful acts.[2] In her first amended complaint, Riley raised only four claims -- breach of contract, fraud and suppression, negligence, and unjust enrichment -- all of which arise under state law. Although Riley continued to assert that the district court could exercise

---

[1] In her complaint, Riley clearly separated the section of her "federal claims" from her asserted "state claims."

[2] In her order, the magistrate specified that "Plaintiff may not incorporate any allegations of her initial complaint by reference -- the amended complaint must include all of [Plaintiff's] claims for relief and all of the facts she contends support those claims."

federal question jurisdiction over her federal law claims and supplemental jurisdiction over her state law claims, her first amended complaint raised no claim arising under federal law.

The magistrate ordered that Riley amend her first amended complaint to plead her fraud claim with the particularity required by Fed.R.Civ.P. 9(b). And the magistrate again ordered that Riley's second amended complaint could not incorporate by reference allegations raised in her initial or first amended complaints.

Riley then filed a second amended complaint, in which she alleged the same four state law claims raised in her first amended complaint. Although Riley listed some federal statutes in the complaint's preamble and again asserted that the district court had federal question jurisdiction over her FDCPA, RESPA, and TILA claims, her second amended complaint did not contain such claims or other claims "arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Fairbanks filed a motion for summary judgment on all claims.

The magistrate issued a report and recommendation on Fairbanks's motion for summary judgment, explaining that Riley raised only state law claims in her second amended complaint. But the magistrate concluded that, because Riley originally brought both federal and state law claims against Fairbanks, the district

3

court retained supplemental jurisdiction over her state law claims. The magistrate recommended that summary judgment be granted to Fairbanks; and the district court adopted the magistrate's report and recommendation.

On appeal, the parties address only whether the district court erred in granting summary judgment to Fairbanks. Before we can consider these arguments, however, we must first address whether the district court had subject matter jurisdiction in this case. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004) (explaining that we will examine the subject matter jurisdiction of district courts in cases that we review). Although we liberally construe the pleadings drafted by pro se litigants, such as Riley, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), we still require them to "conform to procedural rules." Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002).

"An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal quotation omitted); see also Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

Under 28 U.S.C. § 1367(a), a district court can exercise supplemental jurisdiction over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." But "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 108 S.Ct. 614, 619 (1988); see Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999) (explaining that "once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims").

Here, Riley's second amended complaint did not include the federal law claims raised in her initial complaint. In fact, during her deposition in this case, Riley testified that her second amended complaint only raised four claims against Fairbanks -- for breach of contract, fraud and suppression, negligence, and unjust enrichment. Although we are mindful of the liberal construction we apply to pro se pleadings, we believe that Riley abandoned her federal law claims at an early stage of this case because her second amended complaint -- which superseded her previous complaints -- raised only state law claims. For this reason, the district

5

court did not have subject matter jurisdiction in this case[3] and could not exercise

supplemental jurisdiction over Riley's state law claims.[4] See Cohill, 108 S.Ct. at

619.

Therefore, because we conclude that the district court did not have federal

question jurisdiction pursuant to 28 U.S.C. § 1331 over the claims raised in

[3]We note that, in the statement of jurisdiction contained in its brief, Fairbanks asserts that the district court properly exercised subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds the jurisdictional minimum. But the district court did not rely on diversity jurisdiction in this case; instead, as we have discussed, the district court explained that it was exercising supplemental jurisdiction over Riley's state law claims because her initial complaint had included federal law claims. Riley -- who had the burden to establish subject matter jurisdiction -- never asserted diversity jurisdiction. See Fed.R.Civ.P. 8(a) (providing, among other things, that complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends"); Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim."). Diversity jurisdiction -- and, in particular, the required amount in controversy -- is not evident from the face of Riley's complaint. See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003) ("[T]o invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000. . . . A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith."). The parties cannot create subject matter jurisdiction by agreement, see Eagerton v. Valuations, Inc., 698 F.2d 1115, 1118 (11th Cir. 1983) ("[I]t is well established that subject matter jurisdiction cannot be waived or conferred on a court by consent of the parties."); and we conclude that the district court did not have subject matter jurisdiction over Riley's case pursuant to 28 U.S.C. § 1332.

[4]The Seventh Circuit reached this conclusion in a similar case. In Wellness Community National v. Wellness House, 70 F.3d 46 (7th Cir. 1995), the plaintiff filed a complaint alleging both federal and state law claims on a contract dispute. Id. at 48. Plaintiff's initial complaint asserted that both federal question and diversity jurisdiction existed. Id. But plaintiff's amended complaint dropped all federal law claims and asserted only diversity jurisdiction. Id. The district court indicated that, even if it did not have diversity jurisdiction over the case, the court still could exercise supplemental jurisdiction over plaintiff's state law claims. Id. at 50. But the Seventh Circuit vacated the district court's judgment, explaining that, because plaintiff abandoned its federal law claims before trial, the district court erred in determining that it could rely on supplemental jurisdiction to consider plaintiff's state law claims. Id.

Riley's second amended complaint, the supplemental jurisdiction provisions of 28 U.S.C. § 1367 did not apply here. We vacate the judgment below and remand for the district court to dismiss this case without prejudice for lack of jurisdiction. See Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984) (explaining that district court's dismissal of case for lack of subject matter jurisdiction should be without prejudice).

VACATED AND REMANDED.