[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17270
Non-Argument Calendar

_____

D. C. Docket No. 08-60793-CV-WPD

HAROLD G. PEART,

Plaintiff-Appellant,

versus

THOMAS SHIPPIE,
(President) et al.,

Defendant,

WELLS FARGO FINANCIAL BANK,
TRANS UNION LLC,
EXPERIAN INFORMATION SERVICES, LLC,
EQUIFAX INFORMATION SERVICES, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 11, 2009)

Before DUBINA, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Harold Peart, a *pro se* party, appeals the district court's judgment dismissing his case, which was brought pursuant to the Fair Credit Billing Act ("FCBA"), Fair Credit Reporting Act ("FCRA"), and various Florida state laws.

I.

On appeal, Peart argues that his complaint stated a claim under the FCRA. For the first time, Peart also argues that the complaint stated a claim under the Fair Debt Collection Practices Act ("FDCPA"), the FTC Act, and the Truth in Lending Act ("TILA").

"We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Leib v. Hillsborough County Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). A Rule 12(b)(6) motion must be granted if the complaint fails to articulate enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1959, 1965, 167 L. Ed. 2d 929 (2007).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted

2

by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (internal quotation marks and citation omitted). However, we will not review arguments that are raised for the first time on appeal. *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1304 (11th Cir. 2007). Because Peart did not raise his TILA, FDCPA, and FTC Act claims before the district court, these claims are not reviewable on appeal.

We also note that Peart does not challenge, in his initial brief, the district court's determination that it lacked personal jurisdiction over one of the appellees, Thomas Shippie. While Peart appears to make an argument concerning jurisdiction over Shippie in his reply brief, we may not consider a claim that is raised for the first time in a reply brief, even if that claim is raised by a *pro se* litigant. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 74 (2008); *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003). In addition, Peart fails to challenge, in any of his briefs, the district court's decision about his failure to state a claim under the FCBA. Accordingly, by failing to raise a FCBA claim and personal jurisdiction issues in his principal brief, Peart has abandoned them on appeal. *See Timson*, 518 F.3d at 874.

Turning to the only federal claim that is properly before us, the FCRA prohibits furnishers of credit information from providing false information. 15

3

U.S.C. § 1681s-2(a). However, the statute explicitly bars private suits for violations of this provision. 15 U.S.C. § 1681s-2(c); 15 U.S.C. § 1681s(c)(1)(B) (allowing states to bring an action for violations). The FCRA also requires furnishers of credit information to investigate the accuracy of said information upon receiving notice of a dispute. 15 U.S.C. § 1681s-2(b). This provision of the FCRA can be enforced through a private right of action, but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency. *See* 15 U.S.C. § 1681s-2(b)(1).

With regard to consumer reporting agencies, the FCRA requires these agencies to follow reasonable procedures to assure the maximum accuracy of each credit report. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). "In addition, if a consumer brings a dispute to the agency as to the completeness or accuracy of a credit report, the agency is required by [the FCRA] . . . to reinvestigate and record the current status of that information unless it has reasonable grounds to believe that the dispute by the consumer is frivolous or irrelevant." *Id.* (internal quotation marks, brackets, and citation omitted). The agency is only liable under this provision if it fails to follow reasonable procedures to ensure the accuracy of a credit report – it is not strictly liable simply because a credit report is inaccurate. *Id.*

4

We conclude from the record that Peart's complaint fails to state a claim under the FCRA because it does not allege: (1) that Wells Fargo failed to conduct an investigation into Peart's credit history after being notified of a dispute by a credit reporting agency; or (2) that Equifax, Experian, and Trans Union failed (a) to reinvestigate Peart's credit history upon request or (b) to generally follow reasonable credit reporting procedures. Because, as discussed *supra*, Peart's remaining federal claims are not properly before us, the district court did not err by dismissing Peart's federal claims against the appellees, and we affirm this part of its judgment.

## II.

In his brief, Peart does not challenge the district court's finding that it lacked subject-matter jurisdiction over his state law claims against Wells Fargo, and he does not argue that the dismissal of those state law claims should have been without prejudice. He also does not address whether the district court had subject-matter jurisdiction over the claims against the other appellees. However, "[f]ederal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotation marks and citation omitted).

"We review questions of subject matter jurisdiction *de novo*." *Goodman ex.*

5

*rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 (11th Cir. 2001) (internal quotation marks and citation omitted). When the record is incomplete with respect to a jurisdictional question, the proper disposition is a remand to the district court for further factual consideration. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). If a district court finds that it lacks subject-matter jurisdiction over an issue, it must dismiss that issue without prejudice. *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). When a court lacks jurisdiction over the subject matter, it has no power to render a judgment on the merits. *Boudloche v. Conoco Oil Corp.*, 615 F.2d 687, 688-89 (5th Cir. 1980).

We conclude from the record that the district court erred by failing to dismiss Peart's state law claims against Wells Fargo without prejudice, once it found that it lacked subject-matter jurisdiction over those claims. The district court also erroneously failed to consider its jurisdiction over the state law claims against Equifax, Experian, and TransUnion, even though it found that it lacked subject-matter jurisdiction over similar claims against Wells Fargo. Accordingly, we vacate this part of the judgment and remand this case back to the district court with instructions to dismiss the state law claims against Wells Fargo without prejudice, and to consider the court's jurisdiction over the state law claims against the other

6

appellees.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**