[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12002
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00266-MW-EMT

LAWRENCE L. BLANKENSHIP,

Plaintiff-Appellant,

versus

GULF POWER COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 20, 2013)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Lawrence Blankenship appeals the district court's sua sponte dismissal of his pro se civil complaint against Gulf Power Company.  After review, we affirm the district court's dismissal, but vacate the district court's judgment so that the proper basis for the dismissal can be reflected in the judgment.

## I.  BACKGROUND

### A.    Complaint Allegations

According to Blankenship's pro se amended complaint ("the complaint"), in December 2011, Blankenship called Gulf Power to disconnect the power to his daughter's Atilla Avenue residence in Pensacola, Florida because she was moving to New Orleans, Louisiana.  On April 11, 2012, Gulf Power sent Blankenship a notice advising him that payment for the electrical service in his name at the Atilla Avenue residence was past due and that the past-due amount of $1,020.51 for the Atilla Avenue residence had been transferred to Blankenship's account for his primary residence on Mitchell Lane in Pensacola.  A May 2012 Gulf Power bill reflected a total charge of $1,075.95, including $925.51 for five "Previous Location Balance" charges.

On May 26, 2012, Blankenship received notice from Gulf Power that it would disconnect the power at his Mitchell Lane residence on June 1 if he did not pay the outstanding balance of $1,015.95.  Blankenship claimed that he did not

2

owe the outstanding balance and that the transfer of the Atilla Avenue residence's balance to his primary residence account was unauthorized.

Blankenship's pro se complaint alleged numerous claims, including conspiracy, fraud, misrepresentation, intentional infliction of emotional distress, abuse of authority, and racketeering.  Additionally, the complaint alleged violations of various Florida and federal statutes, including 18 U.S.C. § 1001, the "Responsible Utility Customer Protection Act," and the "Public Utility Holding Company Act."  The complaint also alleged that Gulf Power, "clothed with the authority of the State law," had violated Blankenship's substantive and procedural due process rights, his equal protection rights, and "those rights from the Bill of Rights incorporated by the Due Process Clause of the Fourteenth Amendment."

Blankenship prepared his complaint on a civil rights complaint form for actions brought under 42 U.S.C. § 1983.  The complaint alleged that "Citizenship" was the basis for jurisdiction and that the amount in controversy exceeded $10,000, but also cited 28 U.S.C. § 1343(a)(3), which gives district courts original jurisdiction over civil rights actions.

In the prayer for relief, Blankenship asked for $10,000 in monetary damages, expenses, and court costs, compensation for non-economic damages, and an order directing Gulf Power to restore power service to his primary residence on Mitchell Lane.

**B.      District Court Proceedings**

A magistrate judge issued a Report ("R&R") recommending that Blankenship's case be dismissed for lack of federal jurisdiction.  Explaining that there is no federal question jurisdiction under 28 U.S.C. § 1331 to entertain wholly insubstantial or obviously frivolous claims, the R&R concluded that all of Blankenship's alleged federal claims should be dismissed.  Specifically, the R&R determined that (1) 18 U.S.C. § 1001 is a criminal statute that does not provide a private cause of action; (2) the Public Utility Holding Company Act was repealed in 2005 by the Energy Policy Act of 2005, which also does not provide a private cause of action; (3) there is no federal law titled the Responsible Utility Customer Protection Act (and the Pennsylvania law of that name was inapplicable to events occurring in Florida); (4) § 1983 does "not afford a basis for relief" because that statute only applies to action taken "under color of state law," and Blankenship's "assertion that Gulf Power was 'cloaked with the power of state law' [did] not make it so"; and (5) there is no other federal law that provides a private right of action for Blankenship's claims about Gulf Power's allegedly wrongful conduct.

The R&R further concluded that Blankenship's complaint failed to establish diversity jurisdiction under 28 U.S.C. § 1332(a) because, even assuming diverse citizenship, Blankenship had not pled the required $75,000 amount in controversy.  The R&R specifically declined to make findings with respect to any state law

4

claims.  Because the complaint's allegations "reveal[ed] no discernible basis for federal jurisdiction," the R&R recommended that the entire action be dismissed for "failure to raise a substantial non-frivolous federal claim."

The district court, over Blankenship's objections, adopted the R&R "as the Court's opinion."  The district court's order, however, directed the clerk to "enter judgment stating, 'This cause is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim upon which relief may be granted."  As directed, the clerk's judgment stated that the case was dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted.

## II.  DISCUSSION

Federal courts have limited jurisdiction and are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."  Buchese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005).  If at any time the district court determines that it lacks subject matter jurisdiction, "the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); see also Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).[1]

"The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  However, even a claim that arises under federal law may be dismissed for lack of

---

[1]We review de novo questions concerning the subject matter jurisdiction of the district court.  Bishop v. Reno, 210 F.3d 1295, 1298 (11th Cir. 2000).

subject matter jurisdiction if (1) the claim "'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction,'" or (2) the claim "'is wholly insubstantial and frivolous.'"  Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (quoting Bell v. Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773, 776 (1946)).  "Under the latter Bell exception, subject matter jurisdiction is lacking only if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim."  Id. (internal quotation marks omitted); see also McGinnis v. Ingram Equip. Co., 918 F.3d 1491, 1494 (11th Cir. 1990) (en banc) (stating that the test is whether the claim alleged "is so patently without merit as to justify the court's dismissal for want of jurisdiction" (internal quotation marks and ellipsis omitted)).

Here, the district court properly concluded that Blankenship's federal claims were so patently frivolous that it lacked subject matter jurisdiction under § 1331. As the district court determined, neither the statutes cited in Blankenship's complaint, nor any other federal statute, provides a cause of action for Gulf Power's allegedly wrongful conduct.  Furthermore, nothing in the complaint indicates that Gulf Power's alleged actions in attempting to collect the outstanding payment could be "fairly attributable" to the state and thus were taken "under color of state law," which is necessary to obtain relief under § 1983.  See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-51, 119 S. Ct. 977, 985 (1999); Griffin

6

v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  Given that Blankenship's complaint failed to allege a substantial, nonfrivolous federal claim, the district court lacked subject matter jurisdiction under 28 U.S.C. § 1331.  See Sanders, 138 F.3d at 1352.

The district court also correctly concluded that it lacked diversity jurisdiction under 28 U.S.C. § 1332(a).  "[T]o invoke a federal court's diversity jurisdiction, a plaintiff must claim . . . that the amount in controversy exceeds $75,000," and the plaintiff satisfies this requirement "by claiming a sufficient sum in good faith."  Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003); see also 28 U.S.C. § 1332(a).  Blankenship's complaint alleges only that the amount in controversy exceeds $10,000.  Additionally, Blankenship's complaint disputes that he owes Gulf Power the outstanding $1,020.51 balance and seeks monetary damages of only $10,000.  Thus, it is evident from the face of the complaint that the amount in controversy does not exceed $75,000.

Further, because the district court did not have subject matter jurisdiction in this case, it properly declined to exercise supplemental jurisdiction over Blankenship's state law claims.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the

7

federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." (footnote omitted)).  Thus, as the district court correctly concluded, Blankenship's entire action was due to be dismissed for lack of subject matter jurisdiction.

We nonetheless vacate the judgment below and remand for two reasons. First, although the district court correctly concluded that it lacked subject matter jurisdiction over Blankenship's complaint, it did not in fact dismiss the complaint for that reason under Rule 12(h)(3).  Instead, the district court, apparently in error, dismissed the complaint for failure to state a claim upon which relief can be granted, a merits determination not addressed in the R&R adopted by the district court.  Because the district court lacked subject matter jurisdiction, however, it did not have authority to dismiss the complaint on the merits.[2]  Second, the district court cited as the basis for the dismissal 28 U.S.C. § 1915(e)(2)(B)(ii).  Yet, Blankenship paid the full filing fee and was not proceeding in forma pauperis.

For these reasons, we vacate the district court's judgment and remand for the district court to dismiss this action without prejudice for lack of subject matter jurisdiction.

---

[2]We also note that the district court's dismissal of Blankenship's action for lack of subject matter jurisdiction would be an involuntary dismissal and, thus, without prejudice.  See Fed. R. Civ. P. 41(b) (providing that an involuntary dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits); Crotwell v. Hockman-Lewis Ltd, 734 F.2d 767, 769 (11th Cir. 1984) (explaining that a district court's dismissal of a case for lack of subject matter jurisdiction should be without prejudice).

8

**VACATED AND REMANDED.**