**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-13520

Non-Argument Calendar

————————————————

DIEGO FERNANDO ECHIVERRI MANCILLA,

*Plaintiff-Appellant,*

*versus*

DIRECTOR, TEXAS SERVICE CENTER,
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

*Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-01065-PGB-DCI

————————————————

Before WILLIAM PRYOR, Chief Judge, and ABUDU and ANDERSON,
Circuit Judges.

PER CURIAM:

Diego Fernando Echiverri Mancilla appeals the dismissal with prejudice of his amended complaint challenging the United States Citizenship and Immigration Services' denial of his Form I-140 petition for Alien Worker status under the Administrative Procedure Act, 5 U.S.C. § 706, for lack of subject-matter jurisdiction. The district court correctly dismissed the amended complaint for lack of jurisdiction, but because that dismissal should have been without prejudice, we modify and affirm its order of dismissal.

## I.    BACKGROUND

In 2024, Echiverri Mancilla, a citizen of Colombia, filed an amended complaint requesting review of the denial of his Form I-140 petition for Alien Worker status based on the finding that he did not meet the three-part test established in *Matter of Dhanasar*, 26 I. & N. Dec. 884 (USCIS AAO 2016). He contended that the district court had jurisdiction to review the denial under the Administrative Procedure Act, 5 U.S.C. § 706(2), because the government did not provide adequate explanation for its denial. The government moved to dismiss Echiverri Mancilla's amended complaint for lack of subject-matter jurisdiction.

The district court granted the motion to dismiss. It applied *Brasil v. Sec'y Dep't of Homeland Sec.*, 28 F.4th 1189 (11th Cir. 2022), and *Bouarfa v. Mayorkas*, 604 U.S. 6 (2024), in concluding that the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(B), barred judicial review of the discretionary decision to deny Echiverri Mancilla's Form I-140, and it entered an order dismissing the amended complaint with prejudice.

## II.    STANDARD OF REVIEW

We review subject-matter jurisdiction *de novo*. *Bouarfa v. Sec'y, Dept. of Homeland Sec.*, 75 F.4th 1157, 1161 (11th Cir. 2023).

## III.    DISCUSSION

Echiverri Mancilla argues that the government did not adequately explain why it found he did not meet the second and third parts of the three-part *Dhanasar* test. He argues that he did not seek review of a discretionary decision and that the district court erroneously dismissed his amended complaint for lack of jurisdiction. The Administrative Procedure Act allows courts to "hold unlawful and set aside" an agency decision that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Section 1153(b)(2)(A) of the Immigration and Nationality Act governs Form I-140 petitions for professions with advanced degrees or exceptional ability. 8 U.S.C. § 1153(b)(2)(A). Section 1153(b)(2)(B)(i) carves out an exemption to the job offer and labor certification requirements for certain prospective aliens seeking immigrant visas via a National Interest Waiver by providing that "the Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States." *Id.* § 1153(b)(2)(B)(i). As established in *Matter of Dhanasar*, the government may grant a National Interest Waiver if the petitioner establishes "(1) that the foreign national's proposed endeavor has both

substantial merit and national importance; (2) that the foreign national is well positioned to advance the proposed endeavor; and (3) that, on balance, it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification." 26 I & N Dec. 884, at 889.

We lack jurisdiction to review "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). In *Bouarfa*, we explained that there are two types of claims that are not subject to the jurisdictional bar in section 1252(a)(2)(B), even when the challenge relates to a discretionary decision: "a claim that the Secretary erred when he made a non-discretionary determination that is a statutory predicate to his exercise of discretion," and "a claim that the Secretary failed to follow the correct procedure in making a discretionary decision." 75 F.4th at 1163. Regarding this second category of claims, we explained that it is not the case "that all assertions of procedural error necessarily subject the Secretary's actions to judicial review." *Id.* And a petitioner may not sidestep the jurisdictional bar of section 1252(a)(2)(B) by reframing a challenge to the denial of relief as a claim of procedural error. *Id.* In *Bouarfa v. Mayorkas*, the Supreme Court affirmed and held that section 1252(a)(2)(B)(ii) strips federal courts of jurisdiction to review immigration decisions by the Attorney General or Secretary of Homeland Security that are "made discretionary by legislation." 604 U.S. at 9, 17.

In *Brasil v. Dep't of Homeland Sec'y*, we affirmed a dismissal for lack of subject-matter jurisdiction where section 1153(b)(2)(B)(i) provides that a National Interest Waiver is within the discretion of the Attorney General because the words "may" and "deem" connote discretion. 28 F.4th at 1193-94. We expressed no opinion about whether section 1252(a)(2)(B)(ii) bars judicial review of decisions made under section 1153(b)(2)(B)(i) when the issue involves the government's failure to apply the *Dhanasar* test for granting National Interest Waivers or the failure to follow other agency procedures. *Id.* at 1194. Because Brasil argued that the government erred in finding that he did not meet the *Dhanasar* test, we held that section 1252(a)(2)(B)(ii) bars judicial review of that decision. *Id.*

The district court correctly concluded that it lacked subject-matter jurisdiction over Echiverri Mancilla's amended complaint, in which he challenged the denial of his Form I-140 petition for a National Interest Waiver under section 1153(b)(2)(B)(i), as section 1252(a)(2)(B)(ii) bars judicial review of that decision. *Id.* at 1193-94. Echiverri Mancilla argues that he challenged a procedural error, but his challenge was a substantive one. *Bouarfa*, 75 F.4th at 1163. Contrary to his argument, Echiverri Mancilla, like Brasil, argued that the government erred in finding that that he failed to satisfy the *Dhanasar* test. *Brasil*, 28 F.4th at 1194.

A dismissal for lack of subject-matter jurisdiction is not a judgment on the merits and should be entered without prejudice. *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984). Because the district court lacked jurisdiction over the action, it had

no authority to render a judgment on the merits. *Id.* Instead of remanding the case for the court to enter an order dismissing the action without prejudice, we hereby modify the order by substituting the words "without prejudice," for the words "with prejudice," and affirm the judgment as modified.

## IV.    CONCLUSION

We **AFFIRM AS MODIFIED** the dismissal of Echiverri Mancilla's amended complaint without prejudice for lack of subject-matter jurisdiction.